**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-00306-ALM-AGD |
| | § | |
| JOSEPH OBUHOWHO ASAGBA, JR. (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Joseph Obuhowho Asagba, Jr.'s ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on October 15, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Ashlyn Scott.

Defendant was sentenced on October 12, 2022, before the Honorable Amos L. Mazzant of the Eastern District of Texas after pleading guilty to the offense of False Statement During Purchase of a Firearm, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of I, was 10 to 16 months. Pursuant to a defense motion for a variance to which the Government objected, the Court imposed a sentence below the guideline range, and Defendant was subsequently sentenced to Time Served followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, and a $100 special assessment. On October 12, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On January 13, 2023, the Court modified the conditions of supervision, with Defendant's consent, to include alcohol abstinence.

On July 3, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #65, Sealed). The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) Mandatory Condition Defendant must not commit another federal, state, or local crime; (2) Special Condition Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (3) Standard Condition After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed; (4) Standard Condition Defendant must follow the instructions of the probation officer related to the conditions of supervision; (5) Special Condition Defendant must not possess or consume alcoholic beverages; (6) Mandatory Condition Defendant must refrain from any unlawful use of a controlled substance; and (7) Standard Condition If he is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours. (Dkt. #65 at pp. 1–4, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On June 26, 2025, in Denton County, Texas, Defendant committed the felony offense of Agg Assault Date/Family/House/Weapon. No arrest was made, but a warrant was executed in Denton County on July 2, 2025, and remained active at the time of the writing of the Petition. Upon arrest, a prepared emergency protective order was to be filed. According to the probable cause affidavit, on or about the 26th day of June, A.D., 2025, in the County of Denton, State of Texas, Defendant, did intentionally, knowingly or recklessly cause bodily injury to another and used or exhibited a deadly

weapon during the commission of the assault. Denton County Sheriff's Office reports indicate Defendant assaulted his roommate Jordan Brockett with a large metal flashlight commonly known as a mag light. According to the police report, Defendant informed Ms. Brockett that the trailer he lives in would be going into foreclosure by the bank. Ms. Brockett attempted to help Defendant with finding options for financial support. Defendant started yelling at her telling her to stop attempting to manipulate him into doing something he did not want to do. Then, Defendant got in Ms. Brockett's face telling her to shut up. After leaving the room and returning, Defendant got in Ms. Brockett's face and hit her on the head multiple times with the mag light. Ms. Brockett stood up and slapped him across the face with an open hand. Defendant used the mag light to strike her on the left elbow with full force. As a result, Ms. Brockett called 911 and was transported to the hospital for her injuries. Once at the hospital, it was confirmed Ms. Brockett's left arm had been broken, and she required surgery to set the broken bones. Defendant was not arrested because he was not present when the officer arrived at the residence; (2) On December 16, 2024, Defendant failed to submit a urine specimen, as directed, at the U.S. Probation Office. On July 10, 2023, December 23, 2024, January 13, and February 24, 2025, Defendant failed to submit a urine specimen as directed at McCary Counseling, Denton, Texas as part of a random drug testing program. On Saturday, May 6, 2023, Defendant was instructed to report to the U.S. Probation Office on Monday, May 8, 2023, to submit a urine specimen. Defendant failed to report to the U.S. Probation Office as directed; (3) & (4) On Saturday, December 14, 2024, an unannounced home visit was conducted at Defendant's residence. The U.S. Probation Officer requested a urine specimen, and Defendant immediately stated he could not provide one. Defendant was told if he could not provide a specimen, he would need to report to the U.S. Probation Office on Monday, December 16, 2024, to submit a specimen. Defendant voiced an understanding. However, when

Monday arrived, Defendant stated he could not report due to his work schedule. The officer told Defendant that he was given the opportunity to provide a specimen at his home, but he chose to wait until Monday to report to the office. The officer advised Defendant that failing to report and submit a specimen would be considered a refusal, and Defendant still did not report as directed; (5) During a home visit conducted on December 16, 2022, a breathalyzer test was conducted on Defendant and resulted in a .228 reading. On June 1, 2023, Defendant was directed to report to the U.S. Probation Office due to his failure to appear for a urine specimen on May 8, 2023. During the office visit, Defendant verbally admitted to consuming alcohol on May 5, 2023, and ten days prior to June 1, 2023; (6) On October 14, 2022, Defendant reported to the U.S. Probation Office and submitted a urine specimen which tested positive for tetrahydrocannabinol for (THC) metabolite. Defendant verbally admitted he had been smoking cannabidiol (CBD) moderately for 6 months. The results were confirmed by the national lab; and (7) On December 13, 2022, Defendant had contact with the Denton County Sheriff's Office and failed to notify the probation officer of the contact. According to the offense report, Defendant's sister advised there was a dispute at the residence over her paying rent. She stated Defendant was holding a knife and threatened to slash her tires if she did not pay. Deputies made contact with Defendant and his sister, and Defendant allowed his sister to retrieve her property from the residence. Call notes reflected Defendant was an alcoholic and possibly drinking. (Dkt. #65 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to all allegations in the Petition. Having considered the Petition and the plea of true to all allegations, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

**RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of thirteen (13) months to run consecutive to Denton County Case No. F25-3430-211, with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 3rd day of November, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE